**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **QUANTINA MARSHALL** | **CASE NO. 3:19-CV-00655** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **UNITED CREDIT CORP. OF TALLULAH F/K/A FMC MANAGEMENT SERVICES, INC.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

# MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [Doc. No. 25] filed by Defendant United Credit Corp. of Tallulah ("United Credit"). An Opposition [Doc. No. 29], was filed by Plaintiff Quantina Marshall ("Marshall") on July 15, 2021.

For the reasons set forth herein, United Credit's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

On May 22, 2019, Marshall filed a Complaint against United Credit for violations of the Family and Medical Leave Act ("FMLA") and the Americans With Disabilities Act ("ADA"). The case is currently fixed for trial on October 12, 2021.

On June 8, 2021, United Credit filed the pending Motion for Summary Judgment seeking to dismiss Marshall's claims. United Credit operates as a consumer loan company that provides capital market and financing products to individuals in the Tallulah, Louisiana area. United Credit employed three employees, including Marshall. [1]

[1] Declaration of Kimberly Flamm [Doc. No. 25, Exh. 3 A]

Marshall was hired as a customer service representative for United Credit on June 2, 2014. Her duties included greeting customers, managing the cash drawer, and calling customers to remind them of their payments.[2]

At issue herein is the effect of Marshall taking off work to attend to her daughter, who was hospitalized for epileptic seizures. As a result of her daughter's medical condition, Marshall took off from work with United Credit on Wednesday, September 6, Thursday, September 7, and Friday, September 8, 2017.[3]

Marshall told her supervisor, Lou Ann Hughes ("Hughes"), she needed to take off due to her daughter's condition, and Marshall updated Hughes of the situation each day.[4]

On Sunday, September 10, 2017, Marshall called Hughes to update her on her daughter's state. Marshall's daughter was kept in the hospital over the weekend. Marshall had enough vacation and/or sick days to cover her absences on September 6, 7, and 8, but none left after that.[5] When Marshall talked to Hughes on September 10, 2017, Hughes told her that if she did not return to work the following day, September 11, 2017, she would be considered to have abandoned her job.[6]

Marshall did not report to work on Monday, September 11, 2017. United Credit says that Marshall abandoned her job while Marshall maintains she was terminated. It is undisputed that as of Friday, September 8, 2017, she had used up her vacation and/or sick leave. It is also undisputed that when she missed work on Monday, September 11, 2017, she did not have any

---

[2] Marshall Depo [Doc. No. 25, Exh. 4 B pages 26-27]
[3] Marshall Depo [Doc. No. 25, Exh. 4 B pages 51-55
[4] Marshall Depo [Doc. No. 25, Exh. 4 B pages 51-56
[5] Marshall Depo [Doc. No. 25, Exh. 4 B pages 54 and 56
[6] Marshall Depo [Doc. No. 25, Exh. 4 B page 58

sick and/or vacation leave remaining. Further, it is undisputed that she took off from work with United Credit on September 6, 7, 8, and 11 due to her daughter being hospitalized for seizures.

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), [a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* Fed. R. Civ. P. 56(c)(1) (A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is material if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F. 3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.

Thus, Summary Judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)); *see also Ruiz v. Whirlpool, Inc.*, 12 F.3d 510, 513 (5th Cir. 1994) (testimony based on conjecture or speculation is insufficient to raise an issue of fact to defeat a summary judgment motion because there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . . If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.)

**B. Analysis**

United Credit had a policy in effect during 2017, governing absences at United Credit. United Credit's "Absences" policy states:

> All employees are expected to be at work on each day that they are scheduled, unless they are taking a pre-approved vacation day, a paid sick day, or a paid holiday. If any circumstance requires that an employee be late or absent from work, they must immediately contact their direct supervisor and let them know that they will either not be coming in or an expected time they will be in. Failure to do so will be considered job abandonment. [Doc. No. 25, Exh. 3A].

The Court will first review Marshall's FMLA claim, and then her ADA claim.

**1. FMLA Claim**

United Credit maintains Marshall was not an "eligible employee" under FMLA. The FMLA only applies to "eligible employees." Excluded from the definition of an "eligible employee" is an "employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of the worksite is less than 50." 29 U.S.C. 2611(2).

United Credit provides evidence that the only worksite at which Marshall ever performed work was the United Credit office in Tallulah, which never employed more than three employees during the time Marshall worked there. [Doc. No. 25, Exh. 4B Page 27].

This issue is not contested by Marshall. United Credit is entitled to summary judgment on Marshall's FMLA claim.

**2. ADA Claim**

As to the ADA claim, Marshall maintains she was subjected to "associational disability discrimination" pursuant to 42 U.S.C. 12112(b)(4). This statute prohibits the following conduct:

> Excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.

This statutory language has been found to create a cause of action for associational disability discrimination. *Den Hartog v. Wasatch Academy,* 129 F. 3d 1076, 1085 (10th Cir. 1997); *Hilburn v. Murata Elecs. N. Am. Inc.,* 181 F. 3d 1220, 1230-31 (11th Cir. 1999); and *Stansberry v. Air Wisconsin Airlines Corp.* 651 F. 3d 482, 487 (6th Cir. 2011).

The Fifth Circuit has declined to recognize a cause of action for associational disability discrimination. The Fifth Circuit stated that if such a cause of action were to exist, a *prima facie* case of associational discrimination would require that the plaintiff show:

(i) qualification for the job;
(ii) an adverse employment action;
(iii) the employer's knowledge of the employees disabled relative; and
(iv) that the adverse employment action occurred under circumstances raising a reasonable inference that the relative's disability was a determining factor in the employer's adverse action. *Grimes v. Wal-Mart Stores, Tex., LLC*, 505 Fed. App'x. 263, 267. (5th Cir. 2013).

However, the Fifth Circuit noted that district courts within the Circuit have recognized a cause of action for associational discrimination. (Id., Footnote 1.) District courts appear to have

recognized a cause of action for associational discrimination in *Hartman v. Lafourche Parish Hospital*, 262 F.Supp. 3d 391 (E.D. La. 2017); *Moresi v. AMR Corporation*, 1999 WL 680210, at 2-3 (N.D. Texas 1999); *Spinks v. Truegreen Landcare, LLC*, 322 F. Supp. 2d 784,795 (S.D. Texas, 2014); and in *Ballard v. Jackson State University*, 62 F.Supp. 3d 549, 553-54 (Miss. N.D. 2014).

No matter what the legal theory of associational discrimination is called, the statutory language of 42 U.S.C. 12112(b)(4) prohibits an employer from excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.

This Court believes there is a cause of action by Marshall against United Credit under 42 U.S.C. 12112(b)(4) under the facts alleged – that United Credit terminated Marshall because she had to stay with her daughter, who was hospitalized with seizures.

Whether Marshall can defeat summary judgment will depend upon an evaluation of the four elements set forth in *Grimes*.

**(i) Qualification for the Job**

United Credit argues that Marshall was not qualified for the job as customer service representative because she violated United Credit's "Absences" policy by missing work on September 11, 2017. However, Marshall's situation was different than cases where employees were excessively absent. Marshall had sick and/or vacation days to cover her missed work except for on September 11, 2017. An individual is considered "qualified" if she can perform the essential functions of the employment position that such individual holds, or desires with or without reasonable accommodation. *Starts v. Mars Chocolate N. Am., LLC,* 2014 WL 11510274 at 4 (W.D. Texas 2014).

Additionally, Marshall did not "abandon" her job under the language of United Credit's "Absences" policy. The language of the policy considers the job "abandoned" if the employee is absent or late for work without contacting their supervisor to let them know. The "Absences" policy does not consider the job to be abandoned just because the employee uses up their sick and/or vacation leave. It is not disputed that Marshall let her supervisor, Hughes, know that she was not going to be at work on September 11, 2017, because her daughter was still in the hospital.

Marshall was asking for a leave of absence and leaves of absences are allowed under United Credit's own policy [Doc. No. 25, Exh. 3-A page 5]. Marshall was a "qualified employee."

**(ii) Adverse employment action**

United Credit argues they did not take adverse employment action against Marshall because she was told United Credit would consider her job abandoned if she failed to report on September 11, 2017. As discussed, United Credit's "Absences" policy only considers the job abandoned if the employee is absent from work without contacting their supervisor.

It is clear Marshall was told not to come back if she missed work on September 11, 2017. In fact, United Credit's own Personnel Record – Form 301 as to September 10, 2017, states: "I said Quantina, you are considered not employed with FMC" [Doc. No. 25, Exh. 3-A page 12].

An adverse employment action was taken by United Credit.

**(iii) The employer's knowledge of the employee's disabled relative**

United Credit does not contest that they had knowledge of Marshall's daughter being in the hospital for seizures, but they maintain that her daughter did not have a "disability" within the meaning of the ADA.

The record reflects that United Credit knew Marshall's daughter was hospitalized on September 6, 2017, and that she was also hospitalized on September 7, 8, 9, 10 and 11, 2017. United Credit knew the daughter was hospitalized for epileptic seizures, which required therapy, testing, and medicine.

With respect to an individual, "disability" means a physical or mental impairment that substantially limits one or more of the major life activities of such individual. 29 C.F.R. 1603.2(g).

"Physical or mental impairment" covers any physiological disorder or condition affecting one or more body systems, including neurological. 29 C.F.R. 1603.2(h).

"Major life activities" include, but are not limited to caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, etc. – things, that arguably cannot be done with epileptic seizures. It also includes "neurological" functions. Additionally, the term "major" shall not be interpreted too strictly to create a demanding standard for disability. Whether an activity is a "major life activity" is not determined by reference to whether it is of "central importance to daily life." 29 C.F.R. 1603.2(i).

"Substantially limits" is to be construed broadly in favor of an expansive coverage. It is not meant to be a demanding standard. 29 C.F.R. 1603.2(j).

At the very least, there is an issue of fact as to whether Marshall's daughter had a "disability."

**(iv) The adverse employment action occurred under circumstances raising a reasonable inference that the relative's disability was a determining factor in the employer's adverse action**

United Credit argues Marshall's separation from employment with United Credit had nothing to do with her daughter's alleged disability, but because she failed to show up on

September 11, 2017, after exhausting her sick and vacation leave. However, United Credit was aware Marshall was taking off work to stay with her hospitalized daughter and denied her requested two-day leave of absence, despite the fact this was allowed under United Credit's policies.

Unlike cases where there was no evidence that the adverse employer action took place due to the relative's disability, there is no real dispute that Marshall was denied a leave of absence and/or accommodation as a direct result of her hospitalized daughter. There was certainly temporal proximity between Marshall requesting leave combined with the knowledge of her daughter's hospitalization. The leave request was inextricably tied to Marshall's need to care for her daughter. There is sufficient evidence to create a material issue of fact that the daughter's alleged disability was a determining factor in the employer's adverse action.

Therefore, Marshall has been able to present a *prima facie* case of associational disability discrimination and/or statutory violation of 42 U.S.C. 12112(b)(4). A presumption of discrimination arises, and United Credit must articulate a legitimate business reason for taking adverse employment action.

**3. Pretext**

Assuming arguendo United Credit's articulated reasons are a legitimate business reason for taking adverse employment action against Marshall, Marshall has provided sufficient evidence for the trier of fact to find United Credit's reasons are pretextual.

Under United Credit's own "Absence" policy, Marshall did not abandon her job. As discussed, abandonment requires the employee to fail to call the supervisor prior to being late or absent. Additionally, United Credit's own policy also allowed leave to be given, and United

Credit did not give Marshall her requested two-day leave despite the fact that she was a three-year employee who had a daughter that was hospitalized for seizures.

Additional evidence of pretext is in United Credit's records of the conversation with Marshall when she was questioned about therapy, hospitalization, and medication. United Credit seemed to question whether Marshall's daughter was even in the hospital. It was written down by United Credit that Marshall couldn't remember the name of the medication her daughter was taking. Marshall was also told on September 10, 2017, that she would be considered to have abandoned her job if she did not show up for work Monday, even though this would not be considered abandonment under United Credit's "Absences" policy.

Also, United Credit wrote down on the September 10, 2017, Personnel Record – Form 301, "Quantina you are considered not employed with FMC."

## III. CONCLUSION

Based upon the above, this Court **GRANTS** United Credit's summary judgment on Marshall's claim under the FMLA but **DENIES** United Credit's summary judgment regarding Marshall's ADA claim.

Monroe, Louisiana, this 26th day of July 2021.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**