UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **QUANTINA MARSHALL** | **CASE NO. 3:19-CV-00655** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **UNITED CREDIT CORP. OF TALLULAH F/K/A FMC MANAGEMENT SERVICES, INC.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM RULING

Before the Court is a Motion to Alter or Amend Judgment or, Alternatively, to Certify for Interlocutory Appeal ("Motion to Alter") [Doc. No. 32], filed by Defendant United Credit Corp. of Tallulah ("United Credit"). An Opposition [Doc. No. 37] was filed by Plaintiff Quantina Marshall ("Marshall") on September 1, 2021. A Reply [Doc. No. 38] was filed by United Credit on September 4, 2021.

For the reasons set forth herein, the Motion to Alter [Doc. No. 32] is GRANTED, and the previous Judgment [Doc. No. 31] is amended to GRANT United Credit's previous Motion for Summary Judgment [Doc. No. 25] and DISMISS Marshall's claims. The alternative Motion to Certify for Interlocutory Appeal is DENIED AS MOOT.

### I. BACKGROUND

On May 22, 2019, Marshall filed a Complaint against United Credit for violations of the Family and Medical Leave Act ("FMLA") and the Americans With Disabilities Act ("ADA"). The case is currently fixed for trial on October 12, 2021.

On June 8, 2021, United Credit filed the Motion for Summary Judgment seeking to dismiss Marshall's claims. United Credit operates as a consumer loan company that provides

capital market and financing products to individuals in the Tallulah, Louisiana area. United Credit employed three employees, including Marshall.

Marshall was hired as a customer service representative for United Credit on June 2, 2014. Her duties included greeting customers, managing the cash drawer, and calling customers to remind them of their payments.

At issue herein is the effect of Marshall taking off work to attend to her daughter, who was hospitalized for seizures. As a result of her daughter's medical condition, Marshall took off from work with United Credit on Wednesday, September 6, Thursday, September 7, and Friday, September 8, 2017.

Marshall told her supervisor, Lou Ann Hughes ("Hughes"), she needed to take off due to her daughter's condition, and Marshall updated Hughes of the situation each day.

On Sunday, September 10, 2017, Marshall called Hughes to update her on her daughter's state. Marshall's daughter was kept in the hospital over the weekend. Marshall had enough vacation and/or sick days to cover her absences on September 6, 7, and 8, but none left after that. When Marshall talked to Hughes on September 10, 2017, Hughes told her that if she did not return to work the following day, September 11, 2017, she would be considered to have abandoned her job.

Marshall did not report to work on Monday, September 11, 2017. United Credit says that Marshall abandoned her job while Marshall maintains she was terminated. It is undisputed that as of Friday, September 8, 2017, she had used up her vacation and/or sick leave. It is also undisputed that when she missed work on Monday, September 11, 2017, she did not have any sick and/or vacation leave remaining. Further, it is undisputed that she took off from work with United Credit on September 6, 7, 8, and 11 due to her daughter being hospitalized for seizures.

On July 26, 2021 this Court entered a Judgment [Doc. No. 31] granting in part and denying in part United Credit's Motion for Summary Judgment [Doc. No. 25]. Specifically, Marshall's FLMA claims were dismissed, but summary judgment was denied as to the ADA claims, based upon alleged "associational disability discrimination" pursuant to 42 U.S.C. § 12112(b)(4).

On August 24, 2021, United Credit filed the pending Motion to Alter [Doc. No. 32], seeking to alter the previous ruling regarding Marshall's ADA claims. Alternatively, United Credit seeks to certify the ruling for interlocutory appeal.

**II.     LAW AND ANALYSIS**

On July 26, 2021, this Court rendered a Judgment [Doc. No. 31] granting in part and denying in part United Credit's Motion for Summary Judgment [Doc. No. 25]. The motion was granted as to Marshall's FMLA claims but was denied as to the ADA claims. After reviewing United Credit's Motion to Alter, this Court believes it was wrong with regard to Marshall's ADA claims and ALTERS the previous Judgment [Doc. No. 31] to also GRANT United Credit's Motion for Summary Judgment with respect to Marshall's ADA claims.

**A.     Legal Standard**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration per se. Instead, a motion challenging a judgment or order may be filed under Rules 54, 59, or 60. Rules 59 and 60 apply only to final judgments. Rule 54(b) provides that any order "that adjudicates fewer than all the claims… [among] all the parties… may be revised at any time before the entry of a [final] judgment." FED. R. CIV. P. 54(b). "Under Rule 54[(b)], a district court has the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Iturralde v. Shaw Grp., Inc.,* 512 F. App'x 430, 432 (5th

Cir. 2013) (quoting *Melancon v. Texaco, Inc*., 659 F2.d 551, 553 (5th Cir. 1981)) (citations omitted); see generally *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp*., 460 U.S. 1, 12 n. 14 (1983) (holding that "virtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown"). An "order granting partial summary judgment [is] interlocutory," and, therefore, the Court must "analyze[] the motion for reconsideration under Rule 54(b) . . . instead of Rule 59(e), which applies to final judgments." *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017). Courts evaluate motions to reconsider interlocutory orders under a "less exacting" standard than Rule 59(e), but, nevertheless, look to similar considerations for guidance. See *HBM Interests, LLC v. Chesapeake Louisiana, LP*, No. 12-1048, 2013 WL 3893989 (W.D. La. July 26, 2013) (quoting *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp*., 259 F. Supp. 2d 471, 475 (M.D. La. 2002)); *Sw. Louisiana Hosp. Ass'n v. BASF Const. Chemicals, LLC,* No. 2:10-CV-902, 2013 WL 1858610 (W.D. La. Apr. 29, 2013) (quoting *Livingston Downs*, 259 F. Supp. 2d at 475). Therefore, in determining whether to grant the motion, the Court evaluates whether there are "manifest errors of law or fact upon which judgment is based[,]" whether "new evidence" is available, whether there is a need "to prevent manifest injustice," or whether there has been "an intervening change in controlling law." *HBM Interests*, 2013 WL 3893989, at *1 (internal quotation marks and citations omitted).

    **B.**    **Legal Analysis**

This case involves the infrequently litigated "associational disability discrimination" under 42 U.S.C. 12112(b)(4). The statute prohibits the following conduct:

> Excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.

This statutory language has been found to create a cause of action for associational disability discrimination. *Den Hartog v. Wasatch Academy,* 129 F. 3d 1076, 1085 (10th Cir. 1997); *Hilburn v. Murata Elecs. N. Am. Inc.,* 181 F. 3d 1220, 1230-31 (11th Cir. 1999); and *Stansberry v. Air Wisconsin Airlines Corp.* 651 F. 3d 482, 487 (6th Cir. 2011).

The Fifth Circuit has declined to recognize a cause of action for associational disability discrimination. The Fifth Circuit stated that if such a cause of action were to exist, a *prima facie* case of associational discrimination would require that the plaintiff show:

(i) qualification for the job;
(ii) an adverse employment action;
(iii) the employer's knowledge of the employees disabled relative; and
(iv) that the adverse employment action occurred under circumstances raising a reasonable inference that the relative's disability was a determining factor in the employer's adverse action. *Grimes v. Wal-Mart Stores, Tex., LLC*, 505 Fed. App'x. 263, 267. (5th Cir. 2013).

However, the Fifth Circuit noted that district courts within the Circuit have recognized a cause of action for associational discrimination. (Id., Footnote 1.) District courts appear to have recognized a cause of action for associational discrimination in *Hartman v. Lafourche Parish Hospital*, 262 F.Supp. 3d 391 (E.D. La. 2017); *Moresi v. AMR Corporation*, 1999 WL 680210, at 2-3 (N.D. Texas 1999); *Spinks v. Truegreen Landcare, LLC,* 322 F. Supp. 2d 784,795 (S.D. Texas, 2014); and in *Ballard v. Jackson State University*, 62 F.Supp. 3d 549, 553-54 (Miss. N.D. 2014).

No matter what the legal theory of associational discrimination is called, the statutory language of 42 U.S.C. 12112(b)(4) prohibits an employer from excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.

5

This Court evaluated all four factors in its previous ruling [Doc. No. 30 pages 6-9]. The mistake made by this Court in its previous ruling was with regard to the first factor, "qualification for the job." This Court stated that an individual was considered "qualified" if she can perform the essential functions of the employment position that such individual holds, or desires with or without reasonable accommodation. Although this standard is correct with regard to a normal disability claim under the ADA, it is not correct with regard to a claim of associational discrimination.

As correctly pointed out by United Credit, a non-disabled employee (like Marshall) has no right to a reasonable accommodation in a claim of associational disability.[1] Therefore, this Court's previous analysis, which found there was an issue of fact as to whether Marshall should be granted a reasonable accommodation to allow her to miss work due to her daughter's hospitalization was incorrect. Marshall was not alleged to be disabled and therefore is not entitled to reasonable accommodation under the ADA.

As noted, associational disability discrimination is not frequently litigated. The Fifth Circuit has not recognized a cause of action for associational disability discrimination.[2] However, courts that have addressed this issue have found that a "qualified individual" (the employee) is not entitled to an accommodation since the employee is not disabled.[3]

Since Marshall was not entitled to a reasonable accommodation, she has no cognizable claim against United Credit under the ADA for not allowing her additional time off to be with her daughter in the hospital.

---

[1] 42 U.S.C. 12112(b)(5) and 29 C.F.R. 1630.9(a).
[2] *Grimes v. Wal-Mart Stores*, Tex, LLC, 505 Fed. App'x 263 (5th Cir. 2013).
[3] *Larimer v. International Business Machines Corp.*, 370 F.3d 698 (7th Cir. 2004); *Stansberry v. Air Wisconsin Airlines Corp.,* 651 F.3d 482 (6th Cir. 2011); *Tyndall v. National Education Centers, Inc. of California*, 31 F.3d 209 (4th Cir. 1994); *Den Hartog v. Wasatch Academy*, 129 F.3d 1076 (10th Cir. 1997); and *Hilburn v. Murata Electronics North America, Inc.,* 181 F.3d 1220 (11th Cir. 1999).

### III. CONCLUSION

For the reasons set forth herein, United Credit's Motion to Alter is **GRANTED** to **GRANT United Credit's Motion for Summary Judgment [Doc. No. 25], and to DISMISS Marshall's ADA claim.** United Credit's alternative Motion for Certificate of Appealability is **DENIED AS MOOT.**

As a result of this ruling, Marshall's claims against United Credit are **DISMISSED WITH PREJUDICE.**

MONROE, LOUISIANA this 13th day of September 2021.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE